# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIK MOORE-BEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Defendant. | Case No.  1:17-cv-00534-DAD-JLT (PC)<br><br>**ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILING TO COMPLY WITH THE ADMINISTRATIVE EXHAUSTION REQUIREMENT OF THE FEDERAL TORT CLAIMS ACT PRIOR TO FILING SUIT**<br><br>**(Doc. 1)**<br><br>**21-DAY DEADLINE** |

　　　　Malik Moore-Bey, is a federal prisoner and seeks to bring claims against the government according to the Federal Tort Claims Act.

　　　　The Federal Tort Claims Act provides federal tort liability based on actions of officers or employees of any federal agency.  28 U.S.C. § 2671, *et seq*.  Before a plaintiff may proceed, he must exhaust the administrative remedies and demonstrate exhaustion in his complaint.  *See Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980) (timely filing of an administrative claim "should be affirmatively alleged in the complaint" for an action under the FTCA).  Failure to do so is a jurisdictional bar.  *See Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000), cert. denied, 531 U.S. 1037, 121 S.Ct. 627 (2000) (stating that a claimant under the FTCA must comply with 28 U.S.C. § 2675(a) before a district court can exert jurisdiction over the claim).  Exhaustion under the Prison Litigation Reform Act does not satisfy the requirement to exhaust

1  under the FTCA.  *Compare* 28 C.F.R. §§ 542.13-15 (Bureau of Prisons administrative grievance
2  procedures) *with* 28 C.F.R. §§ 543.30-32 (administrative exhaustion procedures for the FTCA
3  within the Bureau of Prisons). "Because the requirement is jurisdictional, it 'must be strictly
4  adhered to.  This is particularly so since the FTCA waives sovereign immunity.  Any such waiver
5  must be strictly construed in favor of the United States.' " *Brady*, 211 F.3d at 502, quoting *Jerves*
6  *v. United States*, 966 F.2d 517, 521 (9th Cir.1992).

7        Though Plaintiff alleges that he filed an administrative tort claim, his compliance with the
8  FTCA is not specifically evident from the documents he attached in support of this assertion.
9  (*See* Doc. 1, Exh. C, pp. 47-53.)  Plaintiff signed the first page of his government claim form in
10 March of 2016 (*id.*, p. 48 (indiscernible whether dated March 10, 2016 or March 20, 2016)), but
11 Plaintiff signed the last page of his type-written allegations nearly a month later, on April 17,
12 2016 (*id.*, p. 51).  Plaintiff provides no explanation for the disparity in the dates.

13       Assuming that Plaintiff submitted that claim form in April 2016, there is an unexplained
14 lapse of seven months between that date and the date on the letter from the Federal Bureau of
15 Prisons which acknowledged receipt of a claim from Plaintiff on November 18, 2016.  (*Id.*, p.
16 52.)  Further, while that letter from the Federal Bureau of Prisons acknowledges receipt of
17 Plaintiff's "Claim for Damage, Injury or Death (Standard Form 95)," the March 16, 2017 letter
18 which Plaintiff attached as the final determination of his tort claim indicates that it is in response
19 to Plaintiff's "Small Claims for Property Damage or Loss (BP-A0943)" and explicitly states "You
20 cannot file suit in an appropriate U.S. District Court as there is no judicial review for claims
21 decided pursuant to 31 U.S.C. §3723."  (*Id.*, p. 53.)

22       The only explanation Plaintiff provides for the disparities in his administrative tort claim
23 are that his "administrative remedies have been denied/and others were never responded to by the
24 Administration of the Bureau of Prisons.  There has (sic) been remedies that have been misplaced
25 by staff at this facility." (Doc. 1, p. 4, ¶ 2.)  However, the exhibit Plaintiff references in support
26 of this assertion contains copies of administrative grievances Plaintiff filed at USP Atwater -- not
27 with the Bureau of Prisons. (*Id.*, Exhibit A, pp. 10-17.)  Plaintiff likewise points to his USP
28 Atwater grievances when explaining why he cannot attach copies of his request for administrative

2

remedy and responses received.  (*Id.*, p. 4, ¶ H.)  However, as noted above, exhaustion of a prison's administrative remedies process does not satisfy the requirement to exhaust under the FTCA.  *Compare* 28 C.F.R. §§ 542.13-15 (Bureau of Prisons administrative grievance procedures) *with* 28 C.F.R. §§ 543.30-32 (administrative exhaustion procedures for the FTCA within the Bureau of Prisons).

        The Court is unable to discern whether Plaintiff properly complied with the FTCA to establish jurisdiction in this action.  Plaintiff must explain the discrepancies described herein and show the basis upon which he asserts compliance with the FTCA to be allowed to proceed in this action.  Likewise, he must explain why he should not be bound by the determination that he has no right to bring this action, as set forth in the denial letter attached to his complaint.

        Accordingly, Plaintiff is ORDERED to show cause **within 21 days** from the date of service of this order why this action should not be dismissed because of his failure to comply with the Federal Tort Claims Act prior to filing suit.

**Plaintiff is warned that failure to timely respond to this order will result in dismissal of this action for Plaintiff's failure to obey a court order.**

IT IS SO ORDERED.

    Dated:   **July 21, 2017**                                   **/s/ Jennifer L. Thurston**
                                                                            UNITED STATES MAGISTRATE JUDGE