# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIK MOORE-BEY,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 1:17-cv-00534-DAD-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS ACTION WITHOUT PREJUDICE FOR LACK OF JURISDICTION BASED ON PLAINTIFF'S FAILURE TO COMPLY WITH THE ADMINISTRATIVE EXHAUSTION REQUIREMENT OF THE FEDERAL TORT CLAIMS ACT PRIOR TO FILING SUIT**<br><br>**(Doc. 1, 9, 10)**<br><br>**21-DAY DEADLINE** |

On July 21, 2017, the Court ordered Plaintiff to show cause why this action should not be dismissed because of his failure to comply with the administrative exhaustion requirement of the FTCA prior to filing suit. (Doc. 9) Specifically, the Court required Plaintiff to explain: (1) the lapses of time between the date of his signature on the Form 95 (Doc. 1, p. 48, dated March 10, 2016 or March 20, 2016), the date of his signature on the typed attachment (*id.*, pp. 50-51, dated April 17, 2016), and the acknowledgement of receipt by the Federal Bureau of Prisons (*id.*, p. 52, dated November 21, 2016); and (2) why Plaintiff should not be bound by the determination that he has no right to bring this action, as set forth in the denial letter from the FBOP dated March 16, 2017 (*id.*, p. 53). (Doc. 9.)

Plaintiff filed a response in which he explains that though he initially signed the Form 95

1

in March of 2016, he was unable to find someone "with knowledge of this form of Law, and with the skill to draft (type) Complaint, which took almost three and half weeks," until April of 2016. (Doc. 10, p. 2.) Plaintiff further explained that, though he sent the form to the FBOP in April of 2016, he did not hear anything for nearly seven months, so he sent them a letter enclosing a copy of his claim form and asking for a status. (*Id.*, p. 2.) Thereafter, the FBOP acknowledged his claim in their letter dated November 21, 2016. (*Id.*, p. 2; referring to Doc. 1, p. 52.)

Plaintiff asserts that "the FBOP re-constructed his initial Complaint (Form 95) to be a BP-A0943." (Doc. 10, p. 2; referring to Doc. 1, p. 53.) Plaintiff states that he attached the FBOP responses to his Complaint "as proof of receipt by the FBOP and evidence of his exhaustion of administrative remedies [but] not because of the correctness of FBOP's Assertions, Construction, or Determinations (sic)." (Doc. 10, pp. 2-3.) Plaintiff further states that he has presented "responses at every level from which a response was received." (*Id.*, p. 3; referring to Doc. 1, Exhibits A & C.) Plaintiff contends that he complied with the FTCA, but that the FBOP erroneously reclassified his FTCA filing from a Form 95 (for personal injury actions) to a BP-A0943 (for small claims). (*Id.*, p. 4.) Plaintiff argues that he is not bound by the FBOP's misconstruction of his claim and should be allowed to proceed in this action. (*Id.*)

The Court accepts that the FBOP errantly reclassified Plaintiff's personal injury claim (Form 95) to a small claims action (BP-A0943). However, the last paragraph of the letter from the FBOP which noted the changed classification of Plaintiff's claim indicates that Plaintiff could request reconsideration of the FBOP decision on his claim. (Doc. 1, p. 53.) It instructed Plaintiff to submit any such request for reconsideration in writing and include additional evidence of the damage of loss supporting the request within three months of the date of that letter. (Doc. 1, p. 53.) Neither Plaintiff's response to the OSC, nor his Complaint and exhibits thereto, show that Plaintiff requested reconsideration of the FBOP's errant reclassification of his claim as noted in the March 16, 2017 letter.

In order to not be bound by the finding of the FBOP in the March 16, 2017 letter, Plaintiff was required to request reconsideration. As stated in the OSC, before Plaintiff may proceed, he must exhaust the administrative remedies and demonstrate exhaustion in his complaint. *See*

*Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980) (timely filing of an administrative claim "should be affirmatively alleged in the complaint" for an action under the FTCA). Failure to do so is a jurisdictional bar. *See Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000), cert. denied, 531 U.S. 1037 (2000) (stating that a claimant under the FTCA must comply with 28 U.S.C. § 2675(a) before a district court can exert jurisdiction over the claim). "Because the requirement is jurisdictional, it 'must be strictly adhered to. This is particularly so since the FTCA waives sovereign immunity. Any such waiver must be strictly construed in favor of the United States.' " *Brady*, 211 F.3d at 502, quoting *Jerves v. United States*, 966 F.2d 517, 521 (9th Cir. 1992). The FBOP letter of March 16, 2017 explicitly stated that his claim was decided as a BP-A0943 claim, under the provisions of 31 U.S.C. § 3723, which is not subject to judicial review. (Doc. 1, p. 53.) Since Plaintiff did not request reconsideration of the FBOP's reclassification of his claim from a Form 95 claim for personal injury to a BP-A0943 small claims action, which Plaintiff contends was erroneous, Plaintiff is bound by the determination therein that he cannot file suit and there is no judicial review of his claims. Plaintiff thus does not meet the jurisdictional requirement of the FTCA to be allowed to proceed in this action.

Accordingly, the Court **RECOMMENDS** that this action be dismissed, without prejudice, for lack of jurisdiction because Plaintiff failed to comply with the requirements of the Federal Tort Claims Act prior to filing suit.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

///
///
///
///
///

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 30, 2017**  **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE